**CAROL J. BERNICK,** OSB #894098
carolbernick@dwt.com
**CAROL A. NOONAN,** OSB #024075
carolnoonan@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Tel: (503) 241-2300
Fax: (503) 778-5299

Attorneys for Defendant Simon & Schuster, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **LEYAH JENSEN,**<br><br>      **PLAINTIFF**,<br><br>v.<br><br>**SIMON & SCHUSTER, INC.,**<br><br>      **DEFENDANT**. | Case No. 03:12-cv-00759-PK<br><br>**DEFENDANT SIMON & SCHUSTER, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR IN THE ALTERNATIVE TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404** |

### INTRODUCTION

  Plaintiff's Complaint does not allege any facts indicating that she filed the Complaint within the applicable statute of limitation, 90 days from the date the Equal Employment Opportunity Commission's (EEOC) "right-to-sue" notice arrived at the claimant's address of record. Accordingly, defendant Simon & Schuster, Inc. ("Simon & Schuster") respectfully requests that this Court dismiss plaintiff's Complaint pursuant to FRCP 12(b)(6).

  In the alternative, if the court is not inclined to dismiss Complaint, Simon & Schuster requests that the case be transferred to the United States District Court for the Southern District

Page 1 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

of New York pursuant to 28 U.S.C. 1404. Based on all of the factors for transfer of venue, New York is a far more convenient forum for this litigation. Plaintiff was employed in New York and all of the alleged conduct took place there, all of the witnesses are located there, and all of the evidence is located there. The convenience of the parties and witness, and the interests of justice weigh in favor or transfer to the Southern District of New York.

## LEGAL ANALYSIS

### A. Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted.

#### 1. Legal Standard

In order to assert a viable claim for relief against Simon & Schuster, plaintiff is required to plead a "short and plain statement of the claim showing that [she is] entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Where a complaint fails to meet this standard, it is subject to dismissal under Fed. R. Civ. Proc. 12(b)(6).

"[F]or a Complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the Plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (explaining that to survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*). Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[A] Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (citations and footnote omitted). Where the plaintiff fails to "nudge[] [his]

Page 2 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In addition, where it is clear that any amendment would be futile, the court may dismiss the Complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

In deciding a motion to dismiss, the court may under certain circumstances, pursuant to Rule 12(d), look beyond the four corners of the pleading without converting the motion into a summary judgment motion. Specifically, courts may consider documents "not physically attached to the Complaint … if the documents' 'authenticity ... is not contested' and 'the Plaintiff's Complaint necessarily relies' on them." *See Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)); *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) "([D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss."). Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relies. By attaching such documents to a motion to dismiss, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Moreover, where documents a plaintiff cites contradict the allegations of the Complaint, the documents control and the Court need not accept those allegations as true. *Steckman*, 143 F.3d at 1295–96 (court is "not required to accept as true conclusory allegations which are contradicted by documents referred to").

Here, based on plaintiff's allegations and the EEOC right-to-sue notice, whose content is alleged in the Complaint, plaintiff has not "nudged" her claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (*citing Twombly*, 550 U.S. at 570). She failed to commence her discrimination claims within the time required by the applicable statute of

Page 3 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

limitations, and fails to allege any basis for entitlement to additional compensation. Accordingly, the Court should grant defendant's Motion to Dismiss with prejudice.

### 2. Plaintiff Failed to Commence her Discrimination Claim Within the Applicable Statute of Limitations.

Before bringing a claim under the Americans with Disabilities Act (ADA), a plaintiff must comply with the administrative procedures specified in Title VII, 42 U.S.C. § 2000e. 42 U.S.C. 12117(a). These procedures require the filing of an administrative charge with the EEOC within 180 days of the last alleged act of discrimination. Once the EEOC has given notice of the plaintiff's right to sue, she has 90 days to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1) (requiring that an action be brought "within ninety days after the giving of such notice"). The ninety-day period operates as a limitations period; if a plaintiff does not file suit within ninety days, then the action is time-barred. *Payan v. Aramark Mgm't Serv.*, 495 F. 3d 1119, 1221 (9th Cir. 2007); *see also, e.g., Gonzalez v. Adecco North America*, LLC, 2007 WL 54780 (D. Or. Jan. 3, 2007) (unreported) (granting motion to dismiss on statute of limitations grounds and explaining "garden variety… excusable neglect does not merit equitable tolling"); *Fitzko v. Gordon's Jewelers/Zale Corporation*, 1994 WL 544387 (D. Or. Sept. 30, 1994) (unreported) (granting motion to dismiss based on failure to file within 90 days of right-to-sue letter and finding statute of limitations should not be tolled even though the *pro se* plaintiff had made diligent efforts to pursue her claim and did not know how to proceed on her own).

In the Ninth Circuit, the court "measure[s] the start of the [90 day] limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan*, 495 F. 3d at 1222 (citing *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir.1997)). And, receipt is presumed within three days of the issuance date of the letter. *Payan,* 495 F. 3d at 1123-25 (explaining the defendant met its burden of proof with respect to the affirmative defense by raising the defense and offering proof of the right-to-sue letter).

Page 4 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

In this case, the EEOC issued plaintiff's right-to-sue letter (which plaintiff requested) on December 14, 2011. (Semel Decl. ¶ 2 and Ex. 1 thereto.) The letter indicates it was mailed to plaintiff's New York address. (*Id.*) However, plaintiff filed her Complaint on April 30, 2012, <u>138 days</u> after the notice was issued and 135 days from the presumed delivery date. (Pl.'s Compl.) Under Ninth Circuit law, plaintiff's Complaint was not timely filed.

In *Nelmida*, the EEOC had sent the plaintiff's right-to-sue letter to her address of record, which was the home of her parents and siblings, and where she still received her bills, though she was no longer living there at the time it was mailed. 112 F.3d at 381-82. The letter was returned to the EEOC unopened, as unclaimed mail. *Id.* at 382. In the meantime (within a few weeks), realizing she had not received the right-to-sue letter, the plaintiff contacted the EEOC and requested another be sent to her new address. This was done and she received the second copy a few days later. Within 90 days after she received the second copy of the right-to-sue notice, but approximately 110 days after the original right-to-sue notice was mailed to her by the EEOC, the plaintiff filed a complaint in court. *Id.*

The court held that the plaintiff's claim was time-barred: the ninety-day period within which to file suit began running when delivery of the right-to-sue notice was attempted.[1] *Id.* at 384. It further held that the limitations period should not be equitably tolled because the plaintiff had not been diligent in insuring that she received the right-to-sue notice from the EEOC. *Id.* at 384-85. The court emphasized that the plaintiff had actual knowledge and notice, three weeks after the right-to-sue letter was mailed, that the EEOC had mailed it (and the date it was mailed). It noted that she still had nearly ten weeks from the date she received it, to timely file based on the original attempted delivery date, yet she failed to do so. *Id.*

---

[1] The court further agreed with *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325 (6th Cir.1988), in which the Sixth Circuit held that where the date of attempted delivery is unknown, the ninety-day period begins running within a prescribed time (there, five days) after the date on which the EEOC mailed the notice to the claimant's address of record. 112 F.3d 384. The *Payan* court adopted a presumption of delivery within three days of the issuance date for the Ninth Circuit. 495 F. 3d at 1123-25

Page 5 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Similarly, in the present case, plaintiff alleges only that she "received" the right-to-sue letter on February 3, 2012 (which noted the issuance date of December 14, 2011), seven weeks after it was originally mailed by the EEOC. (Semel Decl. ¶ 2 and Ex. 1 thereto.) At that time, plaintiff still had nearly <u>six weeks</u> to timely file a lawsuit after the notice "was given." She failed to do so, and her claim therefore must be dismissed. She cannot correct this deficiency; the dismissal should be with prejudice and without leave to amend.

### 3. Plaintiff's Supplemental State Law Claims Should Be Dismissed.

#### a. There Is No Reason to Retain Jurisdiction Over the New York State Law Claims.

If the Court dismisses plaintiff's disability discrimination claim, there is no reason for the Court to retain jurisdiction over plaintiffs' supplemental state law claims of "unpaid wages and expenses" and "unpaid advance and royalties." Plaintiff does not allege that amount in controversy for these state law claims exceeds $75,000 for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Thus, the Court's only jurisdiction to hear these New York state law claims is through supplemental jurisdiction under 28 U.S.C. § 1367.

While the Court has discretion to retain claims brought under its supplemental jurisdiction, "[w]hen, as here, the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing*, 884 F.2d at 509; *see* 28 U.S.C. § 1367(c)(3). There has been no activity in this case that might justify an exception to this well-settled principle. The Court should decline to exercise its supplemental jurisdiction over plaintiffs' state law claims.

#### b. Plaintiff's Supplemental State Law Claims Fail to State any Claim for Relief.

In her claim for "unpaid wages and expenses," plaintiff alleges that Simon & Schuster "failed and refused to settle question of Plaintiff salary that she had earned and to reimburse expenses pursuant to company policy" and that Simon & Schuster "failed to settle the amounts

Page 6 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

due." (Pl.'s Compl. Sec. III.E (¶ 7 of "Attached Page 2/2").)  Her allegations amount to a conclusory statement of law – that she is entitled to unpaid wages.  She does not allege <u>facts</u> supporting such an entitlement.  For example, plaintiff does not allege that she worked five days in her final pay period but was paid for only three.  These would be facts that, if proved, would entitle her to relief and as such would state a claim for relief.  As alleged, there is no non-conclusory "factual content," that is even plausibly suggestive of a claim entitling plaintiff to relief.  *See Moss*, 572 F.3d at 969.  Her claim for unpaid wages and expenses must be dismissed.

Similarly, in her claim for "unpaid advance and royalty," plaintiff alleges that she performed certain services for Simon & Schuster, but does not set forth the basis for her alleged entitlement to any advances or royalties.  (Pl.'s Compl. Sec. III.E (¶ 8 of "Attached Page 2/2").)  Again for example, she does not allege that she had a contract with Simon & Schuster that required Simon & Schuster to pay a certain royalty for every "title" she created.  There are no such facts, and there is no permissible inference, based on those facts alleged, that plaintiff is entitled to any relief.  Any right to relief is purely speculative; her claim for unpaid advance and royalty should therefore be dismissed.  *See Twombly*, 550 U.S. at 555.

In the alternative, if the court does not dismiss plaintiff's supplemental state law claims, the claims should be made more definite and certain.  Because the allegations in the two supplemental claims are so vague and ambiguous, defendants cannot reasonably be required to frame a responsive pleading because it is impossible to ascertain what plaintiff contends she is owed and what is the basis for her contention.  Fed. R. Civ. P. 12(e).  Plaintiff must be required to make her pleading more definite to identify what is alleged to be owed in wages, expenses, advances and/or royalties and what is the basis for her alleged entitlement to these amounts.

Page 7 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**C.    The District Court for the Southern District of Oregon is a Far More Convenient Forum for Plaintiff's Claims.**

**1.    Legal Standard.**

Section 1404(a) of Title 28 of the United States Code provides for the transfer of a case from one judicial district where it could have been brought to another such district "[f]or the convenience of parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a).  This provision "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice," regardless of where the action may have been initially commenced.  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Section 1404(a) "requires two findings—that the district court is one where the action 'might have been brought' and that the convenience of the parties and witnesses in the interest of justice favor transfer."  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  A transfer is appropriate in this case because the action could have been brought in the Southern District of New York and because a transfer is necessary for convenience of the parties and witnesses and is in the interest of justice.

**2.    This Action "Might Have Been Brought" in the Southern District of New York.**

To show that an action "might have been brought" in the transferee court for purposes of § 1404(a), a defendant must show that (1) venue is proper in the proposed transferee court, (2) the transferee court has subject matter jurisdiction, and (3) the transferee court has personal jurisdiction over the defendant.  *Hoffman v. Blaski*, 363 U.S. 335, 341-44 (1960).  Here, because all three requirements are met, this action "might have been brought" in the Southern District of New York.

First, venue is proper in the Southern District of New York.  Under 28 U.S.C. § 1391(a)(1), venue is proper in the Southern District of New York because Simon & Schuster is subject to personal jurisdiction there because its principal place of business is located in New

Page 8 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

York City. (Pl.'s Compl. Sec. III.E ("Attached Page 1/2")); 28 U.S.C. § 1391(c) (corporate defendant deemed to reside in any judicial district in which it is subject to personal jurisdiction). Venue is also proper under 28 U.S.C. § 1391(a)(2) because all of the material events alleged to give rise to the lawsuit occurred there; plaintiff worked for Simon and Schuster in New York, New York. (Semel Decl. ¶ 3.)

Second, the Southern District of New York has subject matter jurisdiction over this case under 28 U.S.C. § 1331, the federal question statute. Plaintiff alleges that she was discriminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112-12117, a federal law.

Third, the Southern District of New York can exercise personal jurisdiction over defendant because Simon & Schuster has its principal place of business in New York.

### 3. This Action Should Be Transferred to the Southern District of New York.

The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect the litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616. In ruling on a motion to transfer under § 1404(a), a court must weigh (1) the convenience of the witnesses, (2) the convenience of the parties, and (3) the interests of justice. *See A.J. Indus., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 503 F.2d 384, 186–87 (9th Cir. 1974); *Wright v. Hozack*, 2000 WL 1721143, at *4 (D. Or. 2000).[2] These factors weigh heavily in favor of transferring this case to the Southern District of New York.

---

[2] The Ninth Circuit has identified the following as factors for consideration in determining convenience and the interests of justice:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). As described below, these factors weigh in favor of transfer to New York District Court.

Page 9 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### a. The Southern District of New York is the most convenient venue for witnesses.

Convenience of the witnesses is "[p]robably the most important factor, and the factor most frequently mentioned" by courts considering motions to transfer venue under § 1404(a). WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3851, at 415 (2007 ed.). "If the forum chosen by plaintiff will be most convenient for the witnesses, this is a powerful argument against transfer, while if some other forum will better serve the convenience of witnesses, transfer is likely to be granted." *Id*. Oregon is an inconvenient forum for the only likely witnesses in the case. Indeed, based upon plaintiff's allegations, apart from plaintiff herself, all witnesses in the case are located New York. Plaintiff alleges that Simon & Schuster discriminated against her by failing to accommodate her disability, subjecting her to terms and conditions of employment that were different from similar employees, retaliating against her and terminating her employment. (Pl.'s Compl. Sec. III.A.) Plaintiff was employed by Simon & Schuster in New York; every action with respect to her employment occurred in New York where she resided and worked through the time of her termination. (Semel Decl. ¶ 3.) The allegations in plaintiff's Complaint identify her supervisor, other team members, her Department Head, and the Human Resources Director as potential witnesses. (Pl.'s Compl. Sec. III.E.) All of these witnesses reside in the New York area. (Semel Decl. ¶ 4.)

Moreover, the relevant documents in this case are in New York. While Simon & Schuster denies that plaintiff's allegations are true, her allegations relating to her work performance and requests for accommodation will require the discovery of documents located at Simon & Schuster's offices in New York. (Semel Decl. ¶ 5). This fact also weighs in favor of transfer. *See Wright*, 2000 WL 1721143, at *5 (citing location of documents as one reason for transfer); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256 (W.D. Wash. 2005) (describing that ease of access to evidence is important consideration in transfer).

Page 10 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

      **b.**    **The Southern District of New York is more convenient for the parties.**

Although plaintiff may argue that her choice of forum should be given dispositive weight, the Supreme Court has made clear that a "plaintiff's choice of forum is only one relevant factor for its consideration." *Stewart v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). "Plaintiff's choice of forum … is not the final word." *Pac. Car & Foundry Co. v. Pence*, 403 F2d 949, 954 (9th Cir. 1968). Indeed, "<u>where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice</u>." *Amazon.com*, 404 F. Supp. 2d at 1260 (emphasis added). Here, the action has <u>no</u> connection with the chosen forum. It has no offices or employees in Oregon. (Semel Decl. ¶ 6.) All the operative facts of the case occurred in New York. Plaintiff worked there and her employment was terminated there. (Semel Decl. ¶ 3.) New York is a far more appropriate forum. *See Jones*, 211 F.3d at 499 (explaining that place where events took place is a factor supporting transfer). And, after availing herself of the New York forum by living and working there, plaintiff will not be unduly inconvenienced by being forced to litigate in the place where the underlying events took place.

By contrast, defendant would be substantially inconvenienced by defending a suit in Oregon, as it would require expensive and time-consuming travel by defendant's corporate witnesses and employees to participate in hearings and trial in Oregon. Such travel would be extremely disruptive for defendant's business affairs.

      **c.**    **The interest of justice favors transfer.**

"Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 797 F.2d 217, 221 (7th Cir. 1986). A court may take into account considerations of a practical nature that make a trial "easy, expeditious, and economical." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The relative cost of litigation in the two forums is one such factor. *See Jones*, 211 F.3d at 498–99. As noted above, plaintiff proposes that defendant should be forced to litigate a dispute that arose in New York in Oregon, and litigating in Oregon would not be easy, expeditious, or economical. The

Page 11 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

cost and inconvenience of transporting witnesses and documents will be significant, exceeding the cost and ease of litigating in New York where these witnesses and documents are located.

Moreover, in addition to her claims under the Americans with Disabilities Act, plaintiff's Complaint also vaguely alleges claims for unpaid wages, expenses, advances and royalties. Any such claim will be decided under New York wage laws or New York common law. The district court there will have much greater familiarity with the law governing these claims. It is in the interests of justice to have a New York court construe New York law. *See Jones*, 211 F.3d at 498–99.

Courts may also consider how long the case has been pending and the status of the litigation before the transfer motion. *Moore v. Teflon Comm'cns. Corp.*, 589 F2d 959, 968 (9th Cir. 1978). Here, the case was filed in this court on April 30, 2012 and served on Simon & Schuster on August 2. This motion is Simon & Schuster's first appearance. No discovery or initial conferences have taken place. Because the case is still in its earliest stages, there would be no loss of efficiency in transferring to the Southern District of New York. *See Fodor v. Burgles*, 1994 WL 822477, at * 4 (C.D. Cal. 1994) (fact that case was pending three months insufficient to preclude transfer).

## CONCLUSION

For the foregoing reasons, Simon & Schuster respectfully request that the Court grant its Motion to Dismiss with prejudice, or in the alternative to transfer the venue to the Southern District of New York pursuant to 28 U.S.C. 1404. Plaintiff failed to file within the applicable statute of limitations, and even if she had timely filed, this case can most efficiently and

Page 12 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

economically be adjudicated in the Southern District of New York, the forum most convenient for the witnesses and parties.

      DATED this 6th day of September, 2012.

                **DAVIS WRIGHT TREMAINE LLP**

            By  */s/ Carol Noonan*
                **CAROL J. BERNICK, OSB #894098**
                Email: carolbernick@dwt.com
                **CAROL A. NOONAN, OSB #024075**
                Email: carolnoonan@dwt.com
                Tel: 503.241.2300
                Fax: 503.778.5299
                Attorneys for Defendant Simon & Schuster, Inc.

Page 13 – DEF.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

DWT 20281778v3 3901014-000663

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax